## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SONYA S. DEINES, Individually and as the Personal Representative of The Estate of CURTIS ALAN DEINES, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 4:22-cv-3099 |
| BNSF RAILWAY COMPANY, a Delaware Corporation, | ) ) ) | |
| and | ) ) | |
| RAILCREW XPRESS, LLC a Delaware Limited Liability Company, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Sonya S. Deines, Individually and as Personal Representative of The Estate of Curtis Alan Deines, Deceased, by and through counsel, and for her Complaint against the above-named Defendants, states and alleges as follows:

## PARTIES

1.     At all times relevant, Decedent, Curtis Alan Deines was a citizen and resident of the State of Nebraska, residing in Chadron, Dawes County, Nebraska.

2.     At all times relevant, Sonya S. Deines was lawfully married to Curtis Alan Deines and a citizen and resident of the State of Nebraska, residing in Chadron, Dawes County, Nebraska. On April 27, 2021 Sonya S. Deines was appointed and qualified as the Personal Representative of The Estate of Curtis Alan Deines by the Clerk-Magistrate of Dawes County, Nebraska.

3.     Defendant, BNSF Railway Company ("BNSF") is a corporation organized in the

State of Delaware with its principal place of business in Texas. BNSF conducts business as a common carrier by railroad engaged in interstate commerce with facilities, tracks and employees located in and through several states, including the State of Nebraska. At all times relevant BNSF received, accepted, and transported various shipments of freight in and through the State of Nebraska, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and at all times relevant was and is presently conducting business in and through the State of Nebraska.

4.      Defendant, Railcrew Xpress, LLC ("RCX") is a foreign limited liability company organized in the State of Delaware with its principal place of business in Missouri. RCX is engaged in the business of transporting individuals from one location to another pursuant to contract, including employees of BNSF in and through the State of Nebraska. RCX was and is authorized to conduct business in the State of Nebraska, with operations and contracts in the State of Nebraska.

5.      As the duly appointed Personal Representative of The Estate of Curtis Alan Deines, Sonya S. Deines brings this wrongful death action against BNSF on his behalf as his widow under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA").

6.      As the duly appointed Personal Representative of The Estate of Curtis Alan Deines, Sonya S. Deines brings this action against RCX on behalf of herself and the next of kin under the Nebraska Wrongful Death Act, Neb. Rev. Stat. § 30-810.

7.      As the duly appointed Personal Representative of The Estate of Curtis Alan Deines, Sonya S. Deines also brings this action against RCX on his behalf as his widow under the Nebraska Survival Act, Neb. Rev. Stat. § 25-1401.

8.      BNSF can be served through its agent for service of process at CT Corporation

System, 5601 South 59th Street, Suite C, Lincoln, Nebraska 68516.

9.      RCX can be served through its agent for service of process at CSC-Lawyers Incorporating Service Company, 233 South 13th Street, Suite 1900, Lincoln, Nebraska 68508.

## JURISDICTION & VENUE

10.      Jurisdiction is appropriate under 28 U.S.C. § 1331 as Plaintiff's Complaint involves a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA") and this Court has subject matter jurisdiction over this claim pursuant to 45 U.S.C. § 56. This Court also has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(1).

11.      The events giving rise to Plaintiff's cause of action occurred within this federal judicial district and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

12.      Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 4 of her Complaint as if the same were set forth verbatim herein.

13.      At all times relevant, Decedent was employed by BNSF as a Trainman/Conductor and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of BNSF's interstate commerce activities and in work which directly, closely, and substantially affected the general interstate commerce carried on by BNSF as a railroad common carrier.

14.      At all times relevant, RCX was, among other things, engaged in the business of transporting railroad workers for and on behalf of BNSF. BNSF and RCX had an agreement and/or contract, either express or implied, for the transportation of BNSF employees and RCX was in fact performing services pursuant to said agreement and/or contract at the time of the incident complained of herein.

15.     On March 19, 2021 Decedent was working in the course and scope of his railroad employment with BNSF being transported as a passenger in a vehicle that was owned and/or leased by RCX and operated by Jessica Ehlers, an employee, servant and/or agent of RCX. Decedent, a member of a BNSF train crew that had operated a BNSF freight train from Alliance, Nebraska to Ravenna, Nebraska was being transported from BNSF's away-from-home terminal in Ravenna to a motel in Grand Island, Nebraska designated by BNSF as the crew away-from-home lodging. At approximately 4:56 a.m. on Highway 2 in Buffalo County, Nebraska the RCX vehicle being operated by Jessica Ehlers in which Decedent was a passenger violently collided into a vehicle being driven by Sergio Tinajero, resulting in Decedent sustaining serious bodily injuries resulting in his death.

### COUNT I
### (FELA – BNSF Railway Company)

16.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 12 through 15 of her Complaint as if the same were set forth verbatim herein.

17.     Under the FELA, at all times BNSF had a non-delegable duty to provide Decedent with a reasonably safe place to work, reasonably safe conditions for work, reasonably safe methods and procedures for work, reasonably safe supervision for work, and a duty to exercise reasonable care in connection with all aspects of Decedent's working environment specifically including at the time and place of the March 19, 2021 collision.

18.     BNSF, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Decedent and was thereby negligent in one or more of the following particulars:

(a)     BNSF failed to provide Decedent with a reasonably safe place to work;

(b)     BNSF failed to provide Decedent with reasonably safe conditions for work;

(c)     BNSF failed to provide Decedent with reasonably safe methods and procedures for work;

(d)     BNSF failed to provide Decedent with reasonably safe and adequate supervision;

(e)     BNSF failed to provide Decedent with reasonably safe transportation and/or a reasonably safe company for transporting Decedent;

(f)     BNSF failed to conduct due diligence and/or reasonable due diligence in the selection of RCX as the transportation company for its employees, including Decedent;

(g)     BNSF customarily failed to enforce its own safety rules, policies and procedures;

(h)     BNSF allowed and permitted unsafe work practices and procedures to become customary and accepted work practices; and/or

(i)     BNSF failed to provide Decedent with away-from-home lodging in Ravenna, Nebraska, the location of Decedent's BNSF away-from-home terminal.

19.     BNSF knew, or in the exercise of reasonable care should have known that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would or might cause harm to Decedent.

20.     Decedent's bodily injuries resulting in death were caused, in whole or in part, as a result of one or more of BNSF's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's duties under the FELA.

21.     As a result, in whole or in part, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Decedent was caused to suffer pre-fatal serious physical injuries and mental anguish resulting from the apprehension and fear of impending injury and death, and conscious physical pain, suffering, mental anguish, and other recoverable damages of a personal and pecuniary nature from the time at which he first

apprehended the imminent collision until the time of his death.

22.     As a result, in whole or in part, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Decedent and his Estate has sustained a past wage loss and a loss of earning capacity, both past and future, a loss of fringe benefits of employment both past and future, and a loss of pension and retirement benefits, both past and future.

## COUNT II
### (FELA Agency – BNSF Railway Company)

23.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 12 through 15 of her Complaint as if the same were set forth verbatim herein.

24.     BNSF and RCX had an agreement and/or contract, either express or implied, for the transportation of BNSF employees in and through the State of Nebraska and RCX was performing this operational activity on behalf of BNSF pursuant to said agreement and/or contract at the time of the March 19, 2021 collision. Under law, RCX was an agent of BNSF. *Sinkler v. Missouri Pacific Railroad Co.,* 356 U.S. 326, 331-32 (1958).

25.     Under the FELA, at all times BNSF, by and through its agent RCX, had a non-delegable duty to provide Decedent with a reasonably safe place to work, reasonably safe conditions for work, reasonably safe methods and procedures for work, reasonably safe supervision for work, and a duty to exercise reasonable care in connection with all aspects of Decedent's working environment specifically including at the time and place of the March 19, 2021 collision.

26.     BNSF, by and through its agent RCX, breached its aforementioned non-delegable duties of care owed to Decedent and was thereby negligent in one or more of the following

6

particulars:

    (a)    BNSF, by and through its agent RCX, failed to provide Decedent with a reasonably safe place to work;

    (b)    BNSF, by and through its agent RCX, failed to provide Decedent with reasonably safe conditions for work;

    (c)    BNSF, by and through its agent RCX, failed to provide Decedent with reasonably safe methods and procedures for work;

    (d)    BNSF, by and through its agent RCX, failed to provide Decedent with reasonably safe and adequate supervision;

    (e)    BNSF, by and through its agent RCX, failed to operate the passenger vehicle in a safe, diligent, and prudent manner;

    (f)    BNSF, by and through its agent RCX, failed to keep a careful and proper lookout so as to avoid the collision;

    (g)    BNSF, by and through its agent RCX, customarily failed to enforce its own safety rules, policies and procedures;

    (h)    BNSF, by and through its agent RCX, allowed and permitted unsafe work practices and procedures to become customary and accepted work practices;

    (i)    BNSF, by and through its agent RCX, failed to comply with one or more Federal Motor Carrier Safety Administration Hours of Service regulations;

    (j)    BNSF, by and through its agent RCX, failed to comply with one or more applicable Nebraska state statutes;

    (k)    BNSF, by and through its agent RCX, failed to provide Decedent with a vehicle to ride in that was safe and fit for the purposes to which it was intended;

    (l)    BNSF, by and through its agent RCX, failed to exercise a reasonable degree of skill to avoid the collision;

    (m)    BNSF, by and through its agent RCX, failed to operate the vehicle at a reasonable and safe speed so as to avoid the collision;

    (n)    BNSF, by and through its agent RCX, failed to maintain control and/or adequate control of the vehicle so as to avoid the collision;

(o)     BNSF, by and through its agent RCX, failed to train and/or adequately train Jessica Ehlers concerning the safe operation of its vehicles while transporting employees of BNSF;

(p)     BNSF, by and through its agent RCX, failed to screen and/or reasonably screen its employees, servants and/or agents concerning their qualifications and safety history so as to be able to safely operate RCX's vehicles; and/or

(q)     BNSF, by and through its agent RCX, failed to comply and/or reasonably comply with RCX's training and policies regarding the safe operation of passenger vehicles including where and how to operate a vehicle when faced with a potential collision on the roadway.

27.     BNSF, by and through its agent RCX knew, or in the exercise of reasonable care should have known that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would or might cause harm to Decedent.

28.     Decedent's bodily injuries resulting in death were caused, in whole or in part, as a result of one or more of BNSF's, by and through its agent RCX, aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's duties under the FELA.

29.     As a result, in whole or in part, of one or more of BNSF's, by and through its agent RCX, aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Decedent was caused to suffer pre-fatal serious physical injuries and mental anguish resulting from the apprehension and fear of impending injury and death, and conscious physical pain, suffering, mental anguish, and other recoverable damages of a personal and pecuniary nature from the time at which Decedent first apprehended the imminent collision until the time of his death.

30.     As a result, in whole or in part, of one or more of BNSF's, by and through its agent RCX, aforementioned negligent acts or omissions and/or violations of statutory and safety

regulations, Decedent and his Estate has sustained a past wage loss and a loss of earning capacity, both past and future, a loss of fringe benefits of employment both past and future, and a loss of pension and retirement benefits, both past and future.

## COUNT III
### (Nebraska Common Law Negligence – RCX)

31.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 12 through 15 and paragraph 24 of her Complaint as if the same were set forth verbatim herein.

32.     Defendant RCX owed Plaintiff a duty to exercise reasonable care at all times on March 19, 2021 and the aforementioned incident was directly and proximately caused by the negligence of RCX, by and through its employees, servants and/or agents, in one or more of the following respects:

(a)     RCX, by and through its employees, servants and/or agents, failed to provide Jessica Ehlers with reasonably safe and adequate supervision;

(b)     RCX, by and through its employee, servant and/or agent Jessica Ehlers, failed to operate the passenger vehicle in a safe, diligent, and prudent manner;

(c)     RCX, by and through its employee, servant and/or agent Jessica Ehlers, failed to keep a careful and proper lookout so as to avoid the collision;

(d)     RCX, by and through its employees, servants and/or agents, customarily failed to enforce its own safety rules, policies and procedures;

(e)     RCX, by and through its employees, servants and/or agents, allowed and permitted unsafe work practices and procedures to become customary and accepted work practices;

(f)     RCX, by and through its employees, servants and/or agents, failed to comply with one or more Federal Motor Carrier Safety Administration Hours of Service regulations;

(g)     RCX, by and through its employees, servants and/or agents, failed to comply with one or more applicable Nebraska state statutes;

(h)     RCX, by and through its employees, servants and/or agents, failed to provide Decedent with a vehicle to ride in that was safe and fit for the purposes to which it was intended;

(i)     RCX, by and through its employee, servant and/or agent Jessica Ehlers, failed to exercise a reasonable degree of skill to avoid the collision;

(j)     RCX, by and through its employee, servant and/or agent Jessica Ehlers, failed to operate the vehicle at a reasonable and safe speed so as to avoid the collision;

(k)     RCX, by and through its employee, servant and/or agent Jessica Ehlers, failed to maintain control and/or adequate control of the vehicle so as to avoid the collision;

(l)     RCX, by and through its employees, servants and/or agents, failed to train and/or adequately train Jessica Ehlers concerning the safe operation of its vehicles while transporting employees of BNSF;

(m)    RCX, by and through its employees, servants and/or agents, failed to screen and/or reasonably screen its employees, servants and/or agents concerning their qualifications and safety history so as to be able to safely operate RCX's vehicles; and/or

(n)     RCX, by and through its employee, servant and/or agent Jessica Ehlers, failed to comply and/or reasonably comply with RCX's training and policies regarding the safe operation of passenger vehicles including where and how to operate a vehicle when faced with a potential collision on the roadway.

33.     RCX, by and through its employees, servants and/or agents knew, or in the exercise of reasonable care should have known that its breach of its duty of care owed to the Decedent would or could reasonably and foreseeably proximately cause damages to Decedent and Plaintiff.

34.     Decedent's bodily injuries resulting in death were directly and proximately caused as a result of one or more of RCX's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of RCX's duties under law.

35.     As a direct and proximate result of one or more of RCX's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Decedent was caused to

suffer pre-fatal serious physical injuries and mental anguish resulting from the apprehension and fear of impending injury and death, and conscious physical pain, suffering, mental anguish, and other recoverable damages of a personal and pecuniary nature from the time at which Decedent first apprehended the imminent collision until the time of his death.

36.     As a direct and proximate result of one or more of RCX's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, The Estate of Curtis Alan Deines has sustained a past wage loss and a loss of earning capacity, both past and future, a loss of fringe benefits of employment both past and future, and a loss of pension and retirement benefits, both past and future, and other recoverable damages of a personal and pecuniary nature due to her death.

37.     As a direct and proximate result of one or more of RCX's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, The Estate of Curtis Alan Deines was caused to suffer economic and financial damages including funeral and burial expenses and medical bills related to his pre-death medical treatment.

38.     As a direct and proximate result of one or more of RCX's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff Sonya S. Deines Individually as widow and on behalf of the next of kin has suffered, and will continue to suffer, losses of a personal and pecuniary nature to include the lost value of services of Curtis Alan Deines due to his death.

39.     As a direct and proximate result of one or more of RCX's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff Sonya S. Deines Individually as widow and on behalf of the next of kin has suffered, and will continue to suffer, the

loss of Curtis Alan Deines' support, society, comfort, companionship, and all other related losses of a personal and pecuniary nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sonya S. Deines, Individually and as Personal Representative of The Estate of Curtis Alan Deines, Deceased, prays for judgment of and from Defendants BNSF Railway Company and Railcrew Xpress, LLC for such general and special damages as she is entitled to recover under law Individually and as Personal Representative of The Estate of Curtis Alan Deines in excess of seventy five thousand dollars ($75,000.00), together with pre-judgment and post-judgment interest on the total judgment rendered herein, costs of suit, and such other and further relief, both general and specific, at law or in equity, which she may be justly entitled to receive, whether specifically prayed for or not.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully submitted,

CHOD LAW, LLC

/s/ *Jeffrey E. Chod*
Jeffrey E. Chod
P.O. Box 17727
Denver, CO 80217-7727
Telephone: (314) 541-5862
Facsimile: (719) 470-2244
E-Mail: jchod@chodlawfirm.com

**ATTORNEY FOR PLAINTIFF**